BRENHAM *v*: GERMAN AMERICAN BANK. (No. 2.)

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF TEXAS.

No. 120. Submitted and Decided May 2, 1892.

On a petition for a rehearing the court vacates the judgment ordered in
this case, (*ante*, 189,) and reverses the judgment, and remands the cause
for further proceedings not inconsistent with the opinion, *ante*, 174.

THIS was a petition for leave to file a petition for rehearing
in the case reported, *ante*, page 173. Among the causes
assigned were the following :

The decision visits with severity your petitioner, who, in
perfect good faith, with prudence and care, invested the trust
money of its depositors in what at the time of the transaction
was universally regarded under the decisions of this court as
a form of negotiable security of the safest and best character.

In saying this your petitioner does not mean to be under-
stood as contending that a rehearing ought to be granted
because it is a hardship to the defendant to lose the case.
Your petitioner deems it a duty as trustee for its depositors
to invite the attention of your honors to the fact that by no
possible precaution could your petitioner have had warning
not to make this investment; that the result is a peculiar one,
inasmuch as a settled rule of law is reversed by a divided
court, and innocent parties made to suffer. This fact being
brought to the court's attention is of cumulative force to
induce the court to grant a reargument.

One word as to the order made in this case.

The case is returned to the court below with directions to
dismiss the suit and to enter a general judgment for the city
of Brenham. Should the court be still of the opinion these
bonds are invalid, and their vitality, if there is any, should be
destroyed utterly, the consideration at the bottom of them
still lives, and the city is liable for the money she raised, not-
withstanding the bonds are dead. *Little Rock* v. *National*

*Bank,* 98 U. S. 308, and cases cited. The complaint in the suit had not the *common counts,* and was not broad enough to reach this point, and to recover the money received by the city.

Would not the order, if the decision upon the bonds is to stand, be more in accordance with justice, if it allowed the defendant in error to amend the complaint and sue for this money had and received? Amendments are purely within the discretion of the court in furtherance of justice. The order cuts off the right to apply in the court below to amend, and therefore it is asked here. It can scarcely be said it is just for the city to avoid her bonds and keep the money she has derived from them too. It would seem but just to modify the order, at all events, to this extent.

*Mr. A. H. Garland* and *Mr. H. J. May* for petitioner.

PER CURIAM. It is ordered by the court that leave be granted to file a petition for rehearing herein, which being considered,

It is ordered by the court that the judgment entered in this court on the 28th day of March, 1892, be, and the same is hereby, vacated and set aside, and a judgment is now this day entered reversing the judgment of the Circuit Court of the United States for the Western District of Texas, and remanding said cause for further proceedings not inconsistent with the opinion of this court hereinbefore filed, and the petition for rehearing is

*Denied.*